UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
THERESA WOODS,

                         Plaintiff

    -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
TRANSIT AUTHORITY, METROPOLITAN TRANSIT
AUTHORITY, METROPOLITAN TRANSIT
AUTHORITY OFFICER DAVID DUNN (Shield ___),
METROPOLITAN TRANSIT AUTHORITY OFFICER
WILLIAMS (Shield 619), METROPOLITAN TRANSIT
AUTHORITY OFFICER OLIVER (Shield 605),

                         Defendants.
-----------------------------------------------------------------x

NO SUMMONS ISSUED

**CV 14-5866**

Index No.:

**VERIFIED COMPLAINT**

       PLAINTIFF, THERESA WOODS, by her attorneys, RASKIN AND KREMINS, L.L.P., complaining of defendants, upon information and belief, respectfully alleges as follows:

### THE PARTIES

       1.    That at all times hereinafter mentioned, plaintiff, THERESA WOODS, was and is a resident of Staten Island, New York.

       2.    That at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

       3.    That at all times hereinafter mentioned, defendant, THE NEW YORK CITY TRANSIT AUTHORITY, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

       4.    That at all times hereinafter mentioned, defendant, METROPOLITAN TRANSIT

AUTHORITY, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

5. That at all times hereinafter mentioned, defendant, M.T.A.O. DAVID DUNN was employed by defendant, METROPOLITAN TRANSIT AUTHORITY.

6. That at all times hereinafter mentioned, defendant, M.T.A.O. WILLIAMS, was employed by defendant, METROPOLITAN TRANSIT AUTHORITY.

7. That at all times hereinafter mentioned, defendant, M.T.A.O. OLIVER, was employed by defendant, METROPOLITAN TRANSIT AUTHORITY.

## JURISDICTION AND VENUE

8. This court has subject matter jurisdiction pursuant to 28 U.S.C. 331 and 1343 in that it alleges claims for relief arising under 42 U.S.C. 1983.

9. Additionally, the Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C. 1367 because such claims form part of the same case or controversy over which this court has original subject matter jurisdiction.

10. Venue is proper pursuant to 28 U.S.C. 1391 because a substantial part of the events of omissions giving rise to the claim occurred in the district and or in the alternative, the defendant CITY OF NEW YORK is subject to personal jurisdiction.

11. That the acts of defendants, under color of law and under color of their authority as employees, agents and/or servants of THE CITY OF NEW YORK, THE NEW YORK CITY TRANSIT AUTHORITY, and METROPOLITAN TRANSIT AUTHORITY, violated plaintiff's property and liberty interests guaranteed to the plaintiff as a citizen of the United States under the Fourteenth Amendment to the United States Constitution, and are therefore liable pursuant to 42 U.S.C. § 1983.

12. That the aforementioned acts of defendants, under color of law and under color of their authority as employees, agents and/or servants of THE CITY OF NEW YORK, THE NEW YORK CITY TRANSIT AUTHORITY, and METROPOLITAN TRANSIT AUTHORITY violated plaintiff's property and liberty interests guaranteed to the plaintiff as a resident of the State of New York under Article 1, Section 6 of the Constitution of the State of New York.

### ALLEGATIONS PERTAINING TO ALL OF PLAINTIFF'S CLAIMS

13. That on January 3, 2014, a Notice of Claim was duly served upon the defendants, THE CITY OF NEW YORK, THE NEW YORK CITY TRANSIT AUTHORITY, and METROPOLITAN TRANSIT AUTHORITY pursuant to Section 50-H of the General Municipal Law.

14. That plaintiff has complied with all conditions precedent to the commencement of this action, and in particular, within ninety (90) days of this occurrence, plaintiff served a Notice of Claim with defendants, more than thirty (30) days have elapsed since the presentation of the claim, and oral examinations of plaintiff was held on pursuant to Section 50-H of the General Municipal Law.

15. That defendants, THE CITY OF NEW YORK, THE NEW YORK CITY TRANSIT AUTHORITY, and METROPOLITAN TRANSIT AUTHORITY, have neglected and/or refused to make adjustments or payment pursuant to plaintiff's claim and that less than one year and ninety (90) days have elapsed since the accrual of the cause of action herein set forth.

16. That at all times hereinafter mentioned, defendant, M.T.A.O. DAVID DUNN was a member of METROPOLITAN TRANSIT AUTHORITY and acting within the scope of his employment.

17. That at all times hereinafter mentioned, defendant, M.T.A.O. WILLIAMS was a member of METROPOLITAN TRANSIT AUTHORITY and acting within the scope of his employment.

18. That at all times hereinafter mentioned, defendant, M.T.A.O. OLIVER, was a member of METROPOLITAN TRANSIT AUTHORITY and acting within the scope of her employment.

19. That on or about October 4, 2013, at approximately 10:47 A.M., defendants M.T.A.O. WILLIAMS, M.T.A.O. OLIVER and M.T.A.O. DAVID DUNN came to be in, around or about the #78 bus in the County of Richmond, City of Staten Island, and State of New York, during the normal course of their employment with defendants, THE CITY OF NEW YORK, THE NEW YORK CITY TRANSIT AUTHORITY, and METROPOLITAN TRANSIT AUTHORITY.

20. That on or about October 4, 2013, at approximately 10:47 A.M., plaintiff was lawfully on the #78 bus in the County of Richmond, City of Staten Island and State of New York.

21. That on or about October 4, 2013, as a result of the wrongful, willful, reckless, careless and negligent acts of defendants herein, their agents, servants and/or employees, plaintiff sustained severe and permanent personal injuries.

22. That the foregoing occurred solely and wholly as a result of the negligence of defendants herein, their agents servants and/or employees, and without any negligence on the part of the plaintiff contributing thereto.

23. That the defendants, their agents, servants and/or employees were negligent and careless in hiring, supervising, controlling, maintaining, training, educating, interviewing and

investigating their agents, servants and/or employees; in negligently and carelessly failing to direct their agents, servants and/or employees not to use improper and/or excessive force; in negligently and carelessly, willfully and wrongfully causing, permitting and allowing plaintiff to be subjected to assault and battery, traumatized, pushed, shoved, tackled, causing injury, emotional and psychological damage; in negligently and carelessly causing, permitting and allowing employees and/or personnel who were negligently trained to use improper and/or excessive force; in negligently and carelessly using improper and/or excessive force; in negligently and carelessly failing to adequately train police officers and/or other personnel for the public's safety, including plaintiff herein; in denying prompt and necessary medical attention; and in being otherwise careless and negligent.

24. That by reason of the foregoing, the plaintiff became sick, sore, lame and disabled; plaintiff has received permanent personal, emotional and psychological injuries that will continue for some time to come; plaintiff will expend significant sums of money for required medical attention and aid in an endeavor to be cured; and that plaintiff was caused to suffer great psychological injury, emotional agony and mental anguish and verily believes that same will continue for a long time to come, all to her damage in a sum which exceeds the jurisdictional limits of all lower courts.

**FIRST CLAIM FOR RELIEF
(PURSUANT TO 42 U.S.C 1983 FOR
DEFENDANTS' VIOLATION OF
<u>PLAINTIFF'S CIVIL RIGHTS)</u>**

25. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

26. The defendants' acts towards Plaintiff as previously set forth herein were   without

warrant, authority of law, or any reasonable cause of belief that Plaintiff committed any crime.

27. Such acts constituted a deprivation of Plaintiff's Constitutional rights, liberties and freedoms under color of State law, under 42 U.S.C. 1983.

28. Said violation of Plaintiff's Constitutional rights caused him personal injury and damage, both physical and mental; and severe emotional distress and illness.

29. By reason of Defendants' violation of Plaintiff's Constitutional right, Plaintiff is entitled to judgment in the amount of $800,000.00.

### SECOND CLAIM FOR RELIEF
### (PURSUANT 42 U.S.C 1983 FOR
### ASSAULT AND BATTERY AND
### USE OF EXCESSIVE FORCE
### UNDER COLOR OF STATE LAW)

30. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

31. The defendants' assault and battery of Plaintiff was excessive, unwarranted, unnecessary and violent and violated Plaintiff's rights under the Constitution.

32. The said assault and battery caused Plaintiff personal injury and damage, both physical and mental; and severe emotional distress and illness.

33. As a result thereof, Plaintiff is entitled to judgment in the amount of $800,000.00.

### THIRD CLAIM FOR RELIEF
### (COMMON LAW ASSAULT)

34. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

35. The defendants are liable for assault to Plaintiff.

36. As a result thereof, Plaintiff is entitled to judgment in the amount of $800,000.00.

## FOURTH CLAIM FOR RELIEF
## (COMMON LAW BATTERY)

37. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

38. The defendants are liable for battery to Plaintiff.

39. As a result thereof, Plaintiff is entitled to judgment an amount exceeding the jurisdiction in all lower courts.

## FIFTH CLAIM FOR RELIEF
## (COMMON LAW INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS)

40. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

41. The defendants' conduct, in assaulting and battering Plaintiff was outrageous, shocking and exceeded all reasonable bounds of behavior.

42. The defendants are liable for intentional infliction of emotional distress to Plaintiff.

43. As a result thereof, Plaintiff is entitled to judgment in the amount of $800,000.00.

## SIXTH CLAIM FOR RELIEF
## (NEGLIGENT INFLICTION
## OF EMOTIONAL DISTRESS)

44. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

45. The defendants' conduct, in assaulting and battering Plaintiff was careless and negligent as to the emotional health of Plaintiff.

46. The defendants are liable for negligent infliction of emotional distress to Plaintiff.

47. As a result thereof, Plaintiff is entitled to judgment in the amount of $800,000.00.

### SEVENTH CLAIM FOR RELIEF
### (COMMON LAW NEGLIGENCE)

48. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

49. The defendants THE CITY OF NEW YORK, THE NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSIT AUTHORITY were negligent in its operation, management, supervision and control of its police department; in its training; in its conduct, at the aforesaid location in its employees in assaulting, battering and falsely arresting and imprisoning Plaintiff.

50. Additionally, the Defendants METROPOLITAN TRANSIT AUTHORITY OFFICER DAVID DUNN (Shield 586), METROPOLITAN TRANSIT AUTHORITY OFFICER WILLIAMS (Shield 619), METROPOLITAN TRANSIT AUTHORITY OFFICER OLIVER (Shield 605), were negligent in their conduct, in causing, or allowing, the occurrence as aforesaid.

51. As a result thereof, Plaintiff is entitled to judgment in the amount of $800,000.00.

WHEREFORE, Plaintiff demands judgment against the defendants as follows: On each CLAIM FOR RELIEF, judgment in the amount of $800,000.00; and, in the event plaintiff is the prevailing party, attorney fees, and Interest, costs, and other such relief as to this Court shall seem just and proper.

Dated: New York, New York
September 24, 2014

                                      RASKIN AND KREMINS, L.L.P.

                                      MICHAEL KREMINS, ESQ (6377)
                                      Attorneys for Plaintiff
                                      THERESA WOODS
                                      160 Broadway - 4th Floor
                                      New York, New York 10038
                                      (212) 587-3434
                                      Our File No.: N-4337

**ATTORNEY'S VERIFICATION**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK)

MICHAEL KREMINS, ESQ., affirms as true under the penalties of perjury the following:

That I am a member of RASKIN & KREMINS, L.L.P., attorneys for plaintiff herein.

That I have read and know the contents of the foregoing VERIFIED SUMMONS and COMPLAINT, that the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters I believe it be true.

That the reason why this verification is made by your affirmant instead of by the plaintiff is because the plaintiff is not within the County of New York, which is the County where your affirmant has his office. Your affirmant further says that the grounds of the belief as to all matters in the said VERIFIED SUMMONS and COMPLAINT are statements of said plaintiff's papers and records in his possession, and a general investigation of the facts of this case.

Dated: New York, New York
       September 24, 2014

_____
MICHAEL KREMINS, ESQ. (6377)